DECISION
The defendant in this matter has moved for a reduction of his sentence imposed by the Court on January 27, 1997. The Court had pronounced the defendant guilty of two counts of first degree child molestation and one count of second degree child molestation. A sentence of thirty years, with fifteen years to serve, and the remainder suspended, was imposed.
Defense counsel has requested the Court to reflect upon its sentence and has earnestly pled for leniency for her client. Mr. Marr could not have been better represented at trial or for this motion than by the advocates who have advanced his cause. Attorney Hardiman has forthrightly stated that she does not claim the Court's sentence to be grossly disproportionate but implores the Court's mercy. She has described Mr. Marr as the "nicest client" she has ever represented, and the Court does not doubt her sincerity. She points out that the defendant has led a quiet, blameless life but for this incident. He is well-regarded in the community and has the very strong support of his family. This is apparent to the Court from the number of individuals who have attended the proceedings and/or furnished the Court with letters of praise. As to the latter, it is obvious that Mr. Marr has many supporters who are devoted to him and who urge his release.
It must be noted, however, that in large measure these writers reject the reality of the situation. They refuse to believe that their friend committed any depravity or is capable of it. They say he is innocent and brand his little victim "a liar."
It has already been determined that this defendant performed fellatio on a four year old boy and had the youngster perform same on him. The defendant also attempted anal intercourse with this victim. The defendant held a place of high regard and trust within the victim's fatherless family. That trust was horribly shattered and the young boy's psychological and emotional health was destroyed. This Court has heard every single detail of the perversions this child endured, and need not recount them. The record speaks for itself. The Court believes that the record would justify a sentence in excess of the one imposed. The ameliorating circumstance for Mr. Marr was his status as a first offender. As Prosecutor Dambruch has pointed out, there has been "no change in circumstances." The Court reflected at length on the appropriateness of its sentence at the time of its original imposition. Despite the many attributes Mr. Marr's supporters ascribe to him, the events forming the basis of the criminal convictions have been declared to be true.
For all of these reasons, as well as those primarily enunciated, the Court is compelled to deny the motion to reduce defendant's sentence.